## Ex Parte COOK et al.

## No. 21,197; February 4, 1895.

### 39 Pac. 16.

**Justice of Peace—Jurisdiction of Crime in Another County.—** A justice of the peace has no jurisdiction of the crime of embezzlement committed in another county.

Petition by Joseph E. Cook and Thomas E. Langley for habeas corpus and release from commitment by a justice of the peace. Writ granted.

Myrick & Deering and Wm. S. Wells for petitioners; C. Y. Brown for respondent.

PER CURIAM.—Habeas corpus. Petitioners have been held to answer, after examination before a committing magistrate, for the crime of embezzlement, and ask to be discharged upon the ground that they were committed without reasonable or probable cause. The specific charge is that they embezzled certain fruit which was received by them in the county of Contra Costa under a contract by which they agreed to incur certain expenses for packing, shipping, etc., and to sell the fruit in Eastern markets for account of the growers on commission. The evidence in the deposition shows that they did with the fruit precisely what they contracted to do, but they failed to pay over to the growers the whole amount of their share of the proceeds. It is clear from the evidence that there was no embezzlement of the fruit. If any embezzlement has been committed it was of the proceeds, and was committed in San Francisco, and not in Contra Costa. The magistrate who issued this commitment (a justice of the peace of Contra Costa county) had no jurisdiction of the only offense which the evidence has the slightest tendency to establish. Prisoners discharged.