[Civ. No. 39196. First Dist., Div. Two. Dec. 7, 1976.]

LEONARD GEORGE HORNER, Petitioner, v.
THE SUPERIOR COURT OF LAKE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

David Nelson and Raymond E. Schaal for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg, William D. Stein and Herbert F. Wilkinson, Deputy Attorneys General, for Respondent and for Real Party in Interest.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Richard W. Gerry, Deputy District Attorneys, as Amici Curiae on behalf of Respondent and Real Party in Interest.

## OPINION

**ROUSE, J.**—Petitioner stands charged by information with a violation of section 245 of the Penal Code[1] (assault with a deadly weapon). He seeks a writ of prohibition to prevent further proceedings against him and/or a writ of mandate to compel respondent court to dismiss the action against him. The question presented to us for determination is whether section 1387, as amended, is a bar to the prosecution of a felony offense when charges based upon the same offense have been twice dismissed. In each instance such dismissal was upon application of the prosecuting attorney and granted under the authority of section 1385 (i.e., in furtherance of justice). Further, there is nothing in the record to show the discovery of new evidence so as to bring this case within the exception provided for in section 1387

Two sections of the Penal Code are applicable in this proceeding. Section 1385 provides, in pertinent part, that "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes." Section 1387, upon which petitioner relied in his motion to dismiss, provides that "An order for the dismissal of an action pursuant to this chapter is a bar to any other prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter, or if it is a misdemeanor; except in those felony cases where subsequent to the dismissal of the felony the court finds that substantial new evidence has been discovered by the prosecution which would not

---

[1]Unless otherwise indicated, all references will be to the Penal Code.

have been known through the exercise of due diligence at or prior to the time of dismissal."

It is clear from the record and a stipulation entered into between counsel for petitioner and the prosecuting attorney at the hearing on the motion to dismiss that, prior to the refiling of a complaint on April 2, 1976, the same charges against petitioner had been previously dismissed upon the application of the prosecuting attorney on two occasions, once on August 14, 1975, in the justice court, and again on February 17, 1976, in the superior court. In its order denying the motion, the trial court found that "Since the dismissal order made in the Justice Court on August 14, 1975, as recorded in the court minutes, did not purport to be made pursuant to § 1385 'in furtherance of justice' and was not supported by a statement of reasons for the order, it cannot be considered a dismissal pursuant to § 1385."

In opposition to this petition, the People argue (1) that section 1387, as amended, should not be applied retroactively to take account of the first dismissal; (2) that the jurisdiction necessary to trigger a section 1385 dismissal is trial court jurisdiction, and that a justice court has no jurisdiction to entertain or order a dismissal of a complaint charging a felony offense; and (3) that petitioner did not demonstrate actual prejudice from the refiling of the charge.

We first address the question of the validity of the dismissal of August 14, 1975, which was made pursuant to section 1385. In its order finding the August 14, 1975 dismissal to be invalid, respondent court relied upon *People* v. *Orin* (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193], wherein the court referred to the mandatory nature of the provisions of section 1385 and held that "failure to comply with the requirement of the statute that the reasons of the dismissal be set forth in the order is fatal and is alone sufficient to invalidate the dismissal."

However, we note that, in *Orin,* no reasons were set forth in the order of dismissal; further, the court was unable to find anywhere in the record any reason stated which, by incorporation or reference, could be deemed to be the " 'reasons of the dismissal . . . set forth in an order.' " (*People* v. *Orin, supra,* pp. 944-945.)

Here, the docket sheet of the justice court shows that the motion to dismiss the charge was made by the prosecuting attorney.[2] A transcript of the proceedings of August 14, 1975, reveals that the reason for the dismissal was stated by the court to be "in the interest of justice"; however, the reason for the dismissal was not recorded by the clerk in the minutes.[3]

Moreover, this case is distinguishable from *Orin,* in that the dismissal rder in *Orin* was made over the *objection* of the prosecution. Here the ismissal was ordered by the court on motion of the prosecuting attorney, the true reason being that the prosecution was unable to proceed. In *Orin,* the court noted a difference when it is the prosecutor's own case which he is seeking to dismiss and does not intend to appeal, noting that " 'Despite the defective procedure, no harm is done because the prosecutor obviously would not appeal from the order of dismissal.' " (*People* v. *Orin, supra,* p. 945, fn. 10.) Under the circumstances shown, we hold the dismissal of August 14, 1975, to be valid.

■ We next consider the People's argument that section 1387, as amended by Statutes 1975, chapter 1069, section 1, effective January 1, 1976, should not be applied to encompass the dismissal of August 14, 1975, which occurred before the statute was amended. Prior to January 1, 1976, section 1387 did not bar the prosecution of a felony after an order of dismissal.[4] In this instance, however, at the time of the hearing on the motion to dismiss, section 1387 provided, in part, that "An order for the dismissal of an action pursuant to this chapter is a bar to any other

---

[2]The following entry appears on the docket sheet of the justice court: "8 14 D.D.A. Robert Crone present for the People, Public Defender Raymond E. Schaal present for defendant. D.D.A. Crone moves to dismiss charge as victim and his wife cannot be located and therefore People cannot proceed with preliminary and request case be dismissed, and defendant discharged forthwith. Order of release to Sheriff. CASE DISMISSED & CLOSED."

[3]The transcript of the proceedings of August 14, 1975, discloses the following: "Both counsel are present. Mr. Crone, I'll hear your motion at this time in the Horner matter. MR. CRONE: In that matter, your Honor, due to the fact the victim and his wife can not be located, and since they are essential in the further prosecution of the particular case, the People are unable to proceed at this time with the preliminary hearing and would have to move to have the complaint dismissed for those reasons. THE COURT: All right. Any objection to that, Mr. Schaal? MR. SCHAAL: No objection, your Honor. THE COURT: *The motion to dismiss is granted, and the charges in case No. 5937 are dismissed in the interest of justice for the reason stated,* and the defendant is ordered discharged from custody." (Italics added.)

[4]Prior to January 1, 1976, section 1387 provided that "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, *but not if it is a felony.*" (Italics supplied.)

prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter . . . ." The People do not contend that the exception provided for therein (discovery of new evidence) is applicable. It is apparent that the previous dismissal orders were made upon the application of the prosecuting attorney and in furtherance of justice "pursuant to this chapter." Section 1387, as amended, was in effect on February 17, 1976, at the time the second dismissal order was made. The prosecuting attorney must have known at that time that he could no longer rely upon the old rule and that a second dismissal would trigger the bar of section 1387 so as to preclude him from refiling and pursuing a charge which already had been twice dismissed pursuant to section 1385. We cannot accept the People's argument that the first dismissal should not count because it occurred before the statute was amended.

■ Finally, we consider the People's argument that the jurisdiction necessary to trigger a section 1385 dismissal is trial court jurisdiction, and that a justice court has no jurisdiction to entertain or order the dismissal of a complaint charging a felony offense pursuant to section 1385. By its terms, section 1385 contains no such limitation upon the authority of a justice court, and the cases cited by the People in support of their argument do not constitute authority for any such limitation.

We conclude that the prosecution was barred by the provisions of section 1387 from refiling and pursuing a charge against petitioner when that same charge had been dismissed on two previous occasions pursuant to section 1385; that respondent court, in permitting the prosecuting attorney to continue to prosecute the charge, despite the bar of the statute, exceeded its jurisdiction. In view of our determination we need not consider the argument of the People that petitioner has not shown prejudice from the refiling of the charge.

Let a writ of prohibition issue as prayed.

Taylor, P. J., and Kane, J., concurred.

A petition for a rehearing was denied January 6, 1977, and the petition of the respondent and the real party in interest for a hearing by the Supreme Court was denied March 31, 1977. Clark, J., Richardson, J., and Sullivan, J.,* were of the opinion that the petition should be granted.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.