[Crim. No. 30192. Second Dist., Div. Four. Dec. 29, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTURO SAAIB COSSIO, Defendant and Appellant.

**COUNSEL**

John Brown for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Lawrence P. Scherb II, Pamela M. Nelson and Susan Freyerson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant appeals from a judgment of the superior court, entered on his plea of guilty. He was granted a certificate of probable cause to enable him to raise, in this court, the issue of the jurisdiction of the superior court to act on an indictment charging him with conspiracy to sell narcotics and the sale of narcotics. We conclude that the superior court had jurisdiction to proceed on the indictment.

The material facts are not in dispute. ■ On July 26, 1976, a felony complaint was filed against defendant in the Ventura Municipal Court, based on the same facts as are alleged in the indictment. On August 2, 1976, that complaint was dismissed by the People, on the stated grounds

that the People were not then ready to proceed. On August 2, 1976, a second complaint, based on the same facts, was filed in the municipal court. On August 4, 1976, before a preliminary hearing was held on that complaint, the grand jury of Ventura County returned the indictment herein involved. The People then sought, and secured, from the municipal court an order staying the preliminary examination on the complaint then before that court until the conclusion of proceedings on the indictment. On the prayer of defendant, the superior court, on September 16, 1976, issued its writ of mandate directing the municipal court to dismiss the second complaint. The municipal court complied with the writ and dismissed the second complaint. Defendant then contended that, under section 1387 of the Penal Code, the superior court had lost jurisdiction to proceed with proceedings under the indictment. That contention was rejected; defendant then pled guilty to one count of the indictment, the other being dismissed on motion of the People. The certificate of probable cause and this appeal followed.

Prior to the amendment of section 1387 of the Penal Code in 1975, the People, after dismissals by the magistrate, could file as many successive complaints or indictments based on the same facts as they desired, subject only to a limitation in cases of clear harassment. But the 1975 amendment, effective January 1, 1976, changed that rule. Section 1387, as then amended and as in force at the times herein involved, reads as follows: "An order for the dismissal of an action pursuant to this chapter is a bar to any other prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter, or if it is a misdemeanor; except in those felony cases where subsequent to the dismissal of the felony the court finds that substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at or prior to the time of dismissal."

We are not cited to, nor have we found, any case under the amended section involving the situation before us. In *Horner* v. *Superior Court* (1976) 64 Cal.App.3d 638 [134 Cal.Rptr. 607], there had been two dismissals *prior* to the filing of the complaint therein involved. One of those dismissals predated the 1975 amendment. The sole issue before the *Horner* court was whether the 1975 amendment was applicable to dismissals made prior to its effective date. The court held that it was.

In our case, however, the indictment with which we are concerned was returned while the second municipal court complaint was still pending and there was, at that date, only one dismissal by a magistrate. The

People urge that that distinction is material and that the subsequent dismissal of the second complaint was merely to clear the court records of what, in light of the return of the indictment, had become an unnecessary proceeding. We agree with that position. The purpose of section 1387 is to prevent improper successive attempts to prosecute a defendant. Where, as here, the proceedings are ready to go forward, on an indictment properly filed, the subsequent dismissal of a complaint involving the same facts does not involve the defendant in the kind of successive prosecutions that section 1387 was designed to prevent. In fact, the proceedings below effectuated, rather than impeded, the statutory objective. Defendant was relieved from the necessity of meeting the same charges in two different courts and was left with one prosecution to answer and defend.

The judgment is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.