[Crim. No. 9829. Third Dist. July 31, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY ARLON EADES, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Richard E. Shapiro, Laurance S. Smith and Mark E. Cutler, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

EVANS, J.—A jury trial resulted in defendant's conviction of second degree murder and findings that both weapon allegations were true (violation of Pen. Code, §§ 187, 12022, 12022.5).

Defendant initially contends the trial court erred in aggravating his sentence on the basis that the victim was "particularly vulnerable," pursuant to California Rules of Court, rule 421(a)(3).

The trial court in reaching this decision commented that the victim was "totally unaware of the existence of the weapon in the hands of the individual in the backseat; that he was in a position from which he had essentially no means of protecting himself . . ." and that he was mentally occupied while driving the vehicle.

Defendant argues that a narrow, limited interpretation and application of aggravating circumstances (pursuant to rule 421(a)(3)) should be applied; the victim's personal characteristics, such as age, or physical handicap, etc., should be the sole basis for finding a victim "particularly vulnerable." Defendant further asserts that a broader application would make the rule applicable in virtually all cases, making it impossible to distinguish truly aggravated offenses from typical violations.

The trial court found, and we agree, that the circumstances in the instant case could not be characterized as "typical." The facts reveal that without warning or any apparent motivation or provocation, the defendant, from the rear seat of a moving vehicle, shot the driver victim twice at point-blank range. The victim was unaware of the defendant's possession of the weapon while he was operating the vehicle and could not protect himself from defendant's action.

Defendant asserts that because the victim was a healthy police officer, with firearms within reach, he should not be considered vulnerable. To the contrary. The devious and sudden manner in which defendant shot and killed the victim rendered the availability of weapons and the victim's training irrelevant. The police officer was as open to attack as any other person would have been, regardless of age, physical stature, or mental capabilities.

■ Defendant next contends that the trial court prejudicially erred by failing to state its reason for denying defendant's application for probation (Pen. Code, § 1170, subd. (c)). We disagree. The requirements of section 1170, subdivision (c), were met.

At the time of sentencing the court stated: "The probation report, however, it seems to me to suggest, that because there is one fact in aggravation and there is one fact in mitigation, that the elements essentially cancel each other out. I may be unfair in reading that interpretation in what's placed in the probation report.

"I suggest that that is not, in fact, what the rules of court provide for, and that not only must it be considered what facts and the number of them can be considered in aggravation as opposed to mitigation, but the relative degree of seriousness of the aggravated facts and the contrary as to the mitigated facts.

" . . . the Court feels compelled in this case to find the facts in aggravation to outweigh those in mitigation and to justify the imposition of the upper term."

The court sentenced defendant to prison for the upper term of seven years, with an additional three years for having been armed, and for the use of a firearm. The extensive remarks of the trial judge, which indicated his familiarity with the probation report and stated the grounds upon which he based his decision, more than adequately fulfilled the obligations imposed by section 1170, subdivision (c) of the Penal Code.

Defendant's reliance upon *People* v. *Simpson* (1979) 90 Cal.App.3d 919 [154 Cal.Rptr. 249] as mandating reversal is misplaced. That case and this are factually inapposite. In *Simpson* the probation report and the court did not consider the defendant's problem with alcohol as a factor in mitigation. In the present instance the probation report did refer to defendant's difficulty with alcohol, and the court did note that the probation report had been read and considered prior to imposition of sentence.

Defendant's final argument asserts as reversible error the magistrate's dismissal of the complaint upon the return of an indictment. Defendant, relying on *People* v. *Levins* (1978) 22 Cal.3d 620 [150 Cal.Rptr. 458, 586 P.2d 939], argues, "[a] magistrate ha[s] no power to grant the prosecutor's motion to dismiss [the complaint after the return of the indictment], since only courts have such a power and a magistrate is not a court."

Defendant's argument, although acknowledging the decision in *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916], ignores the express language contained in that opinion that "the rule announced herein shall apply only to the present case and to those indicted defendants who have not entered a plea at the time this opinion becomes final." (*Id.,* at p. 594.)

He contends a distinction exists between *Hawkins* and *People* v. *Levins, supra,* 22 Cal.3d 620. He is wrong. The court in *Levins* did not intend to

nor did it in any way abrogate the express prohibition against retroactive application of that holding.

As the defendant entered his plea to the indictment on August 1, 1977, and *Hawkins* was filed November 9, 1978 and was final 30 days thereafter, defendant's contention is without substance or merit.

The judgment is affirmed.

Janes, Acting P. J., and Paras, J., concurred.

A petition for a rehearing was denied August 24, 1979, and appellant's petition for a hearing by the Supreme Court was denied September 26, 1979.