[No. 20076. In Bank. — January 29, 1886.]

## THE PEOPLE, APPELLANT, v. A. P. MORE, RESPONDENT.

CRIMINAL LAW — INFORMATION — SETTING ASIDE — OBJECTION TO JURISDICTION OF COURT. — An information good upon its face, and regularly filed by the district attorney after an examination and commitment by a magistrate, cannot be set aside on the ground that the offense was not committed in the county alleged in the information. Such an objection may be taken advantage of under a plea of not guilty, and is then a question for the jury to determine.

ID. — ORDER SETTING ASIDE INFORMATION — JUDGMENT — APPEAL. — An order setting aside an information and discharging the defendant is a final judgment, and appealable.

ID. — FILING NEW INFORMATION — EXONERATION OF BAIL. — A subsequent order refusing to allow another information to be filed against the defendant, and an order exonerating his bail, are also appealable.

APPEAL from an order of the Superior Court of Santa Barbara County setting aside an information, and from an order refusing to allow another information to be filed, and from an order exonerating the bail of the defendant.

The facts are stated in the opinion of the court.

*Attorney-General Marshall*, and *John J. Boyce*, for Appellant.

*Garber, Thornton & Bishop*, *P. Reddy*, and *R. B. Canfield*, for Respondent.

MORRISON, C. J.— On the ninth day of August, 1884, the district attorney filed in the Superior Court of Santa Barbara County, the following information against the defendant:—

[Title of Court.]

"THE PEOPLE OF THE STATE OF CALIFORNIA *v.* ALEXANDER P. MORE.—Information for manslaughter.

"Alexander P. More is accused by the district attorney of the said county of Santa Barbara, state of California, by this information, of the crime of manslaughter, committed as follows: The said Alexander P. More, on the twenty-ninth day of June, eighteen hundred and eighty-four, at and in the said county of Santa Barbara and state of California, and prior to the filing of this information, upon a sudden quarrel and in the heat of passion, did willfully, unlawfully, and feloniously kill one Ah You, a Chinaman, then and there being a living human being, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the state of California.

"JOHN J. BOYCE,

"District attorney of the said county of Santa Barbara, state of California."

On this information was indorsed the names of the witnesses examined before the filing of the same.

The sufficiency of the information in form was not challenged in the court below, but a motion was made on behalf of the defendant to set the same aside on the following grounds, and for the following reasons:—

"That the defendant before the filing of the information had not been legally committed by a magistrate for the offense for which he is informed against, or for any offense.

"That the commitment of the defendant by the police judge of the city of Santa Barbara (if any commitment was in fact made) was and is illegal in the following particulars:—

"1. It does not appear from the evidence and depositions, upon which the defendant was committed, that the offense for which the defendant was committed, and with which he is charged, took place within the county of Santa Barbara, or that it was committed partly in said county and partly in any other county; or upon or within five hundred yards of the boundary line between any two counties. Or that the said offense, having been consummated within the county of Santa Barbara, if in fact it was consummated therein or elsewhere in this state, was commenced without the state of California, nor does it appear that such consummation was through the intervention of any agent of defendant, or any other means proceeding directly from the defendant.

"2. That the defendant was committed on said charge, without reasonable or probable cause; that the evidence and depositions upon which said defendant was held to answer show that no public offense was committed by him.

"3. That the police judge of the city of Santa Barbara, California, had no jurisdiction of the offense for which defendant was held to answer and committed."

And on the twenty-fourth day of December, 1884, the court made the following orders in the case:—

"The motion of the defendant to set aside the information having heretofore been argued and submitted to the court for consideration and decision, and the court having duly considered the same, and being fully advised in the premises, now files its written decision thereon granting the same. It is therefore ordered that the said information be and the same is hereby set aside, on the ground that neither the police court nor this court has jurisdiction of the said cause.

"The district attorney then moved the court for leave to file another information against the defendant. The said motion is hereby denied, on the ground that the court has no jurisdiction of the offense, for the reasons assigned in the written decision.

"And it further appearing to the court that the defendant has been admitted to bail, it is further ordered that his bail be exonerated and the defendant discharged."

From these orders the people have appealed, and likewise sued out a writ of error. We think the case is properly before us for review on appeal.

The main question in the case is, Did the court properly set aside the information, which it did, on the ground that the crime was not committed in the county of Santa Barbara?

It appears that an examination of the case was had before the police judge of the city of Santa Barbara, and we think he was a magistrate authorized by law to make such examination. The examination was conducted according to the forms of law by questions and answers, all of which were taken down and afterwards written out in full hand and certified to by the stenographic reporter appointed by the court for that purpose. (Pen. Code, secs. 807, 808; Id., subd. 5, sec. 869.) This was sufficient to authorize the district attorney to file an information under section 809 of said code.

If it be conceded that the alleged crime was not committed in the county of Santa Barbara, was that a sufficient ground for the intervention of the power of the court on a motion to set the information aside? This question must be determined by a correct construction of section 995 of the Penal Code, which provides that the information must be set aside in the following cases:—

"1. That before the filing thereof, the defendant had not been legally committed by a magistrate.

"2. That it was not subscribed by the district attorney of the county."

The court held that the defendant had not been legally committed by the magistrate because the crime was not committed within the county of Santa Barbara. The forms of law respecting the preliminary examination of the case had been complied with, and the committing magistrate had determined that the *locus delicti* was in the county of Santa Barbara; and had the Superior Court a right to review, and, so to speak, reverse, the action of the committing magistrate? If it had appeared on the face of the information (which it did not) that the offense charged was committed out of the jurisdiction of the court, the proper mode to take advantage of such objection would have been by demurrer. (Pen. Code, sec. 1004.) But in a case like the one we are now considering, where the information is good on its face, defendant should have availed himself of the objection to the jurisdiction under the plea of not guilty; and in that event it would have been a question for the jury to determine. (Pen. Code, sec. 1012.)

We do not think the Superior Court on a motion to set aside the information had any right to determine the question.

We think the order of the court, setting aside the information and discharging the defendant, a final judgment and the subject of an appeal. The other orders appealed from are likewise appealable orders. In respect to the order denying the motion of the district attorney for leave to file another information, it is sufficient to say that the information set aside is a good and sufficient one, and therefore it is not necessary to file another. (*People* v. *Jordan*, 65 Cal. 644; *People* v. *Geisea*, 63 Cal. 345.)

The orders of the court are reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

THORNTON, J., ROSS, J., SHARPSTEIN, J., MYRICK, J., McKINSTRY, J., and McKEE, J., concurred.