[Crim. No. 1111.   Third Appellate District.—January 21, 1930.]

In the Matter of the Application of JOHN HUBER for a Writ of Habeas Corpus.

Joseph H. Huberty for Petitioner.

Virgil M. Ariola for Respondent.

PLUMMER, J.—On the ninth day of December, 1929, the above-named petitioner was bound over to appear before the Superior Court of the county of Calaveras to answer a charge of burglary, and prosecutes this application to be discharged on the various grounds set out in section 1487 of the Penal Code, and particularly on the seventh subdivision thereof, that the defendant was held to answer without reasonable or probable cause.   Upon this application it is urged that the hearing before the magistrate must establish the following, to wit:

1st.   That a crime has been committed.

2d.   That it has been committed within the county over which the committing magistrate has jurisdiction;

3d.   That there is reasonable and probable cause to believe that the defendant is guilty of the crime charged.

Section 777 of the Penal Code specifies that the jurisdiction is vested in the courts of the county where the offense was committed. Section 811 of the Penal Code reads as follows: ''When an information is laid before a magistrate, of the commission of a public offense triable within the county, he must examine, upon oath, the informant or prosecutor and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.'' Then, that a warrant shall be issued and a preliminary examination held. Sections 827 and 828 of the same code provide the procedure when the offense is triable in some other county. While it was strongly urged upon the hearing of this application that the magistrate's jurisdiction was not limited to the jurisdiction of the same officer when acting as a justice of the peace, it does appear from section 811, *supra,* that jurisdiction is limited to the county, and this is true as applied to the instant case, unless the recent amendments to the codes relative to the jurisdiction of justices of the peace imposes a further limitation, which we need not here consider by reason of what is hereafter stated. ■ There is nothing in the testimony taken before the magistrate in this case, and which is before us upon the transcript presented with the petitioner's application, showing where the alleged offense was committed. All that the testimony shows is that a certain bathtub was taken from a house situate on Mitchell's ranch south of Copperopolis. In addition to this the petitioner strongly urges that there is nothing in the transcript from which it can be either reasonably or otherwise inferred that the defendant probably participated in the taking of such bathtub. Whether this is true or not is immaterial by reason of the fact that there is nothing in the record warranting the committing magistrate in holding the petitioner to appear for trial before the Superior Court of Calaveras County. The Mitchell ranch, south of Copperopolis, may be in Calaveras County, but we cannot take judicial notice of where the Mitchell ranch is located.

In the case of *Ex parte Cook,* 4 Cal. Unrep. 969 [39 Pac. 16], it is directly held that a magistrate in one county has no jurisdiction to issue a commitment for an offense committed in another county. In that case it was a justice of the peace acting as a committing magistrate.

Again, in the matter of the *Application of Hartwell*, 28 Cal. App. 627 [153 Pac. 730, 731], this court had before it an application for discharge, in which the same question was presented. In the opinion of that case we find the following: "The evidence was that he held up the Plumbago Mill, but there is no evidence that this mill belonged to the Creosus Gold Mining & Milling Company, nor is the mill shown by the evidence to be in Sierra county, the only evidence being that it was about three miles from Alleghany, which latter place is in Sierra county." While it does not appear that the petitioner was discharged in that case for this defect alone in the testimony, it would seem that the court had this defect in mind; otherwise the above language would not have been used.

The case of *State* v. *Jones*, 113 N. C. 669 [22 L. R. A. 678, 18 S. E. 249], relied upon by the respondent is not an authority contrary to the cases just cited. In the Jones case it appears that the petitioner relied solely upon the *mittimus*, which is a similar instrument to the commitment in the instant case. It was there held that the *mittimus* appearing regular upon its face and the petitioner declining to present anything more, that the writ of *habeas corpus* should be denied.

Nor is the case of *People* v. *More*, 68 Cal. 500 [9 Pac. 461], in conflict with the Cook and Hartwell cases. In the More case the proceeding was before the court upon the motion to set aside the information, and not upon *habeas corpus*, and it was there held that the question of jurisdiction should be raised under the plea of "not guilty," while under section 1487 of the Penal Code, upon *habeas corpus*, it is provided that the question of jurisdiction may be considered, and if it is found that the magistrate has exceeded his jurisdiction, the petitioner may be discharged.

In view of what we have stated it is unnecessary to consider the contention of the petitioner that the testimony fails to show any reasonable or probable cause that he committed the offenses charged, irrespective of the county in which it may have been committed.

The writ of *habeas corpus* applied for is hereby granted and the petitioner discharged from the custody of the sheriff of Calaveras County.

Thompson (R. L.), J., and Finch, P. J., concurred.